# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HAROLD GLEN HIBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-01486 |
| ) | Judge Trauger |
| STEWART COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## M E M O R A N D U M  A N D  O R D E R

The plaintiff, Harold Glen Hibbard, is a pre-trial detainee at the Stewart County Jail in Dover, Tennessee. He has filed *pro se* a complaint (Doc. No. 1) under 42 U.S.C. § 1983 and an application (Doc. Nos. 2 and 9) to proceed in forma pauperis.

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application is **GRANTED**. The Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust

1

account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff arrived at the Stewart County Jail on November 3, 2017. He was incarcerated for failing to appear to answer a child support arrearage. Doc. No. 1 at 5-6. The plaintiff remains confined because he was unable to make bond. *Id* at 5. The plaintiff claims that he is being falsely imprisoned because he was wrongly assessed a child support obligation that he has been paying "for going on 5 years." *Id* at 7-8. He argues that "the child is not mine." *Id* at 8. To support his claim, the plaintiff alleges that DNA testing was never conducted to establish paternity, another man signed the child's (Eliziah Frazier) birth certificate and the child bears that man's surname. *Id* at 6. "I am asking for a ruling in my favor due to my pain and suffering, and false claims and money paid unlawfully." *Id* at 8.[1]

A federal district court is obliged to consider matters of jurisdiction, *sua sponte* if necessary. *See* Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). In this regard, the Supreme Court has held that a federal district court lacks jurisdiction to entertain a challenge to a state court decision arising out of a judicial proceeding, even if the challenge alleges that the state court action was unconstitutional. District of Columbia Court of Appeals v. Feldman, 103 S.Ct. 1303, 1317 (1983).

---

[1] The plaintiff brings this action against Stewart County, Derick Wyatt and Judge Larry Wallace. Neither Wyatt nor Wallace are ever identified or discussed in plaintiff's statement of the facts.

2

The plaintiff argues that his incarceration is illegal because he was wrongfully ordered to pay a child support obligation for a child that is not his. Such a claim would necessarily require the Court to review the assessment of this obligation. Because domestic relations, including custody, divorce, support and alimony disputes, are the primary responsibility of the state courts, federal courts are prevented from hearing these disputes under the "domestic relations exception" to federal jurisdiction. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).

The Court, therefore, finds that it lacks the jurisdiction to adjudicate the plaintiff's claims. Accordingly, this action is hereby **DISMISSED** for lack of subject matter jurisdiction. McLaughlin v. Cotner, 193 F.3d 410, 412 - 415 (6th Cir. 1999).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is **NOT** certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997), *abrogated on other grounds,* LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).[2]

The Clerk is directed to send a copy of this Order to the Sheriff of Stewart County to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison

---

[2] In a departure from former practice, an individual or prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal. McGore, at 610.

Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED**.

                                                                                       _____
                                                                                       Aleta A. Trauger
                                                                                       United States District Judge